**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.

ISAIAH GRANT, a/k/a Ike Grant, a/k/a Reverend Ike,
  *Defendant-Appellant.*

No. 00-4715

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Patrick Michael Duffy, District Judge.
(CR-99-358)

Submitted: June 15, 2001

Decided: June 29, 2001

Before LUTTIG and WILLIAMS, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Walter S. Ameika, Jr., LAW OFFICES OF WALTER S. AMEIKA, JR., Charleston, South Carolina, for Appellant. Scott Newton Schools, United States Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Isaiah Grant pled guilty to conspiracy to commit bank fraud, in violation of 18 U.S.C.A. § 1344 (West 2000). The district court denied his motion for downward departure based on physical impairment, chronic myopathy of unknown etiology, and declined to award an acceptance of responsibility adjustment pursuant to *U.S. Sentencing Guidelines Manual* §§ 5H1.4, 3E.1 (West 1998). The court sentenced Grant within the applicable guideline range to thirty-three months imprisonment, three years supervised release, restitution of $44,629.29, and a special assessment of $100. Grant noted a timely appeal. Grant's attorney filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). Grant filed a pro se motion to set aside or vacate his sentence. We affirm the order of the district court.

A defendant may not appeal a district court's refusal to depart downward at sentencing unless the court's refusal was based on a mistaken view that it lacked the authority to depart. *United States v. Edwards*, 188 F.3d 230, 238 (4th Cir. 1999); *United States v. Bayerle*, 898 F.2d 28, 31 (4th Cir. 1990). The district court recognized that it had the authority to depart, but declined to do so. Therefore, we will not review this claim.

We review the district court's determination that a defendant has not accepted responsibility for clear error. *United States v. Randall*, 171 F.3d 195, 210 (4th Cir. 1999). The defendant has the burden of showing by a preponderance of the evidence that he is entitled to the adjustment, and entry of a guilty plea is not in itself sufficient. *See United States v. Nale*, 101 F.3d 1000, 1005 (4th Cir. 1996). The district court declined to award an acceptance of responsibility adjustment, finding that although Grant pled guilty on the eve of trial, he did not admit his true and full role in the crime, as established by the testimony of ten or more witnesses and co-conspirators. We find that

the district court did not err in denying an adjustment in light of the evidence.

As required by *Anders*, we have independently reviewed the entire record and all pertinent documents. We have considered all possible issues presented by this record and concluded that there are no non-frivolous grounds for this appeal. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from further representation. Counsel's motion must state that a copy thereof was served on the client.

Grant's conviction and sentence are affirmed. We deny Grant's motion to set aside his conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*